CLARENCE E. SEIFERT, PLAINTIFF AND RESPONDENT v. CARL M. GEHLE, DEFENDANT AND APPELLANT.

No. 9653.

Submitted January 23, 1958. Decided March 24, 1958.

323 Pac. (2d) 269.

Walchli, Korn & Warden, Kalispell. Daniel J. Korn, Kalispell, argued orally, for appellant.

F. N. Hamman, J. A. Turnage, County Atty., Polson, for respondent.

THE HONORABLE GEORGE J. ALLEN, District Judge, sitting in place of MR. JUSTICE BOTTOMLY:

This is an appeal from an order of the district court of Lake County, denying defendant's motion for a change of place of trial.

Plaintiff, Clarence E. Seifert, filed his complaint in the district court of Lake County, seeking damages arising out of a hunting accident which he alleged occurred on or about November 11, 1954, while he and his wife were on a hunting expedition in Lincoln County.

Defendant, Carl M. Gehle, was served with summons and copy of the complaint in Flathead County, the county of his residence. The defendant thereupon made a timely and proper demand in writing for a change of place of trial from Lake County to Flathead County, the county of his residence. The district court made its order denying defendant's motion for a change of place of trial, and this appeal followed.

While there was some argument as to whether the allegations of the complaint established whether the accident occurred in Lincoln County or Flathead County, for the purposes of this decision we will assume that the tort complained of was committed in Lincoln County.

Plaintiff argues that while the defendant had a right on proper demand to have the place of trial changed to Lincoln County, the county where the tort was committed, he did not have a right to have the place of trial changed to Flathead County, the county of his residence. Whether plaintiff's position is correct is to be determined by the interpretation to be given to the language of those portions of section 93-2904, R. C. M. 1947, reading as follows:

"In all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action * * * Actions upon contracts may be tried in the county in which the contract was to be performed,

and actions for torts in the county where the tort was committed * * *''

Plaintiff first contends that the word ''may'' used in the ▮ first clause of the last sentence quoted from said section 93-2904, supra, cannot be read into the last clause of that sentence. He states this argument in his brief as follows:

''It is to be observed that Sec. 93-2904, R. C. M. 1947, in reference to place of trial as to torts, says: 'and actions for torts in the county where the tort was committed.' The word '*may*' cannot be read into that portion of the statute.'' That this contention is unsound is demonstrated by the rules of English construction which require that every clause have a subject and a predicate. This sentence is composed of two principal clauses connected by the conjunction ''and''. They are: (1) ''Action upon contracts may be tried in the county in which the contract was to be performed,'' and (2) ''actions for torts in the county where the tort was committed.'' The phrase ''may be tried'' is the simple predicate of the first clause. The second clause has no simple predicate, and, therefore, ''may be tried'' must be understood as its simple predicate also. Thus, the interpretation of the word ''may'' as used in this statute applies to tort actions as well as to contract actions. This court, after a review of previous cases, has recently interpreted the word ''may'' as used in this statute to mean just what it says. Love v. Mon-O-Co. Oil Corporation, 133 Mont. 56, 319 Pac. (2d) 1056.

In this case the statute means that either the county of defendant's residence or the county where the tort was committed is a proper county for the trial of the action, and had the plaintiff chosen either of those counties the defendant could not have had it removed.

In this case, plaintiff waived his right to have it tried in one of the proper counties. Therefore, the defendant has the right upon proper demand to have the place of trial changed either

to the county where he resides or to the county where the tort was committed, whichever he elects.

The order of the district court is reversed and the cause remanded with directions to transfer the action to Flathead County for trial.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES CASTLES, ANGSTMAN and ADAIR, concur.