Pearl Marie TASSIE, an incompetent person, by Edward Tassie, her next friend, Plaintiff,

v.

CONTINENTAL OIL CO., a corporation, Paraffin Service, Inc., a corporation, Halliburton Co., a corporation, B. L. Lawrence, doing business as Lawrence Transportation and Gabe McCall, doing business as Gabe McCall Drilling Co., Defendants.

Civ. No. 485.

United States District Court
D. Montana,
Billings Division.

May 1, 1964.

Colgrove & Brown, Miles City, Mont., and Gene Huntley, Baker, Mont., for plaintiff.

Lamey, Crowley, Kilbourne, Haughey & Hanson, Billings, Mont., and Meyer & Meyer, Butte, Mont., for defendants.

JAMESON, District Judge.

This personal injury action was commenced in the state district court of Silver Bow County, Montana. The accident giving rise to the action occurred in Fallon County, Montana. Defendants removed the action to this court, designating the Billings Division. Plaintiff has moved to remand or, if that motion is denied, for transfer of venue to the Butte Division of this court.

■ The parties are agreed that diversity of citizenship and the proper amount in controversy are present. Plaintiff argues, however, that this court is without jurisdiction because the case was removed to the wrong division. This contention is without merit. In McNeil Construction Co. v. Livingston State Bank, D.Mont.1957, 155 F.Supp. 658, 662, this court has previously recognized that "insofar as jurisdiction is concerned, Montana has no divisions * * *". The divisions in Montana, created by court rule, relate to venue only. See also Standish v. Gold Creek Mining Co., 9 Cir. 1937, 92 F.2d 662.

Under the Rules of Procedure which govern in this court, Rule 4 provides that "[a]ll causes shall be assigned by the clerk to that division of the District wherein they properly belong by conformity as near as may be to the laws of the State of Montana governing the place of trial in the Courts thereof * * *". The mere fact that this case was removed from a Silver Bow County state court does not mean that it must necessarily be assigned to the Butte division. Nor was the clerk bound to follow the suggestion of defendants and assign it to the Billings division. It is significant also that defendants filed a motion for change of venue to the Billings Division.

■ Plaintiff's motion to remand because of lack of jurisdiction in this court is denied.

Plaintiff has also moved for change of venue to the Butte division. As stated above, Rule 4 of the Rules of Procedure requires conformance with Montana law in determining venue. The parties agree that section 93–2904, Revised Codes of Montana, 1947, is the controlling venue statute. Sections 93–2901 through 93–2903 specify the place of trial for certain enumerated actions. Section 93–2904 then provides:

"Other actions, according to the residence of the parties. In all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or where the plaintiff resides, and the defendants, or any of them, may be found; or, if *none of the defendants reside in the state,* or, if residing in the state, the county in which they so reside be unknown to the plaintiff, *the same may be tried in any county which the plaintiff may designate in his complaint;* and if any defendant or defendants may be about to depart from the state, such action may be tried in any county where either of the parties may reside, or service be had. Actions upon contracts may be tried in the county in which the contract was to be performed, and *action's for torts in the county where the tort was committed;* subject, however, to the power of the court to change the place of trial as provided in this code." (Emphasis added.)

Plaintiff relies on the first italicized language providing for trial in the county which the plaintiff may designate. Defendants rely on the clause providing for trial of a tort action in the county where the tort was committed. Silver Bow County, the county designated by the

plaintiff, is in the Butte Division. Fallon County, where the alleged tort was committed, is in the Billings Division.

Section 93–2904 has been construed by the Montana Supreme Court in many cases. While there was formerly some uncertainty with respect to the proper county for the trial of both contract and tort actions, the present rule is clear.

In Love v. Mon-O-Co Oil Corp., 1958, 133 Mont. 56, 319 P.2d 1056, a contract action, the court reviewed the history of the cases construing this section and concluded:

"Upon the reasoning found in the opinion of Justice Adair in the case of Hardenburgh v. Hardenburgh (1944, 115 Mont. 469, 146 P.2d 151), and that of Justice Angstman in the case of Johnson v. Ogle (1945, 117 Mont. 419, 159 P.2d 337), it is now decided that the word 'may' should not be given the force of 'must' in said statute, as was done in the Interstate case (Interstate Lumber Co. v. District Court, 1918, 54 Mont. 602, 172 P. 1030), and that the statute means that either the county of defendant's residence, or the county where the contract was to be performed, is the proper county for the trial of the action, and if the plaintiff chooses either of those counties, defendant may not have it removed, except as stated in the last part of said section 93–2904, it is still subject to the power of the court to change the place of trial as provided by subdivisions 2, 3 and 4 of section 93–2906, R.C.M.1947." 133 Mont. at 60–61.

 Three months later the Montana Supreme Court cited the Love case as authority that, in a personal injury action, the word "may" does not mean "must", and that "either the county of defendant's residence or the county where the tort was committed is a proper county for the trial of the action, and had the plaintiff chosen either of those counties the defendant could not have had it removed". In that case the plaintiff had

instituted the action in Lake County, the tort was committed in Lincoln County, and the defendant resided in Flathead County. The court continued: "In this case, plaintiff waived his right to have it tried in one of the proper counties. Therefore, the defendant has the right upon proper demand to have the place of trial changed either to the county where he resides or to the county where the tort was committed, whichever he elects." Seifert v. Gehle, 1948, 133 Mont. 320, 322, 323 P.2d 269, 270.

The defendant does not have the right of election, however, where the plaintiff files an action in a proper county.

Neither party has cited any cases involving the precise situation here presented, i. e., where the plaintiff and defendants are all non-residents. The Montana Supreme Court, however, in at least two cases has called attention to the clause of section 93–2904, upon which plaintiff relies. In State ex rel. Mackey v. District Court, 1910, 40 Mont. 359, 366, 106 P. 1098, 1101, the court said: "Our statute (Revised Codes section 6504 (now 93–2904)) expressly provides that, if none of the defendants reside in this state, an action may be tried in any county which the plaintiff may designate in his complaint".

In a rather extensive analysis of the statute and cases construing it, in Fraser v. Clark, 1954, 128 Mont. 160, 179, 273 P.2d 105, 116, the court said in part:

"The third clause supplies a second alternative for the general rule by providing 'or, if none of the defendants reside in the state * * * the same [action] may be tried in any county which the plaintiff may designate in his complaint.' (This alternative is available when none of the defendants reside in Montana and the plaintiff designates in his complaint a county for the trial of the action.)"

 Here the plaintiff designated a county pursuant to this alternative. He elected a forum authorized by statute. Under section 93–2904, as construed by

the Supreme Court of Montana, the defendant could not in state court change the venue except on the grounds set forth in section 93-2906. These grounds are not urged here, nor has the defendant attempted to show "good cause" under Local Rule 4(a) or 28 U.S.C.A. § 1404(a) for assignment to the Billings Division.

Since Rule 4 of the Rules of Procedure of this court requires that assignment of cases be in conformity with the laws of the State of Montana, I have concluded that plaintiff's motion for change of venue to the Butte division of this court must be granted.

It is hereby ordered:

1. That plaintiff's motion to remand be, and the same hereby is, denied.

2. That plaintiff's motion to transfer this cause to the Butte Division of this court be, and the same hereby is, granted.