TRUCK INSURANCE EXCHANGE, a corporation, Plaintiff and Respondent, v. NATIONAL FARMERS UNION PROPERTY AND CASUALTY COMPANY et al., Defendants and Appellants.

No. 11213.
Submitted April 10, 1967. Decided May 3, 1967.
427 P.2d 50.

Church, Harris, Johnson & Williams, Great Falls, Hutton, Schiltz & Sheehy, Billings, Charles C. Lovell (argued), Douglas C. Allen (argued), Great Falls, John C. Sheehy (argued), Billings, for appellants.

Small & Cummins, Robert T. Cummins (appeared), Carl A. Hatch (argued), Helena, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by all of the defendants in a declaratory judgment action from separate orders of the district court of the first judicial district in and for the County of Lewis and Clark, denying defendants' motions for change of the place of trial from Lewis and Clark County to Cascade County.

This declaratory judgment action arose out of the collision of two automobiles in Cascade County, Montana. The plaintiff-respondent, Truck Insurance Exchange, a Utah corporation, (hereinafter referred to as Truck Insurance) was the liability insurer of one of the drivers involved in the collision, namely, Kenneth Meyer, a defendant-appellant in this action. National Farmers Union Property and Casualty Company, a California corporation, (hereinafter referred to as National), another defendant-appellant in this action, was the liability insurer of the other driver, namely, Lawrence Scharberg, also a defendant-appellant in this action.

The relevant facts are these: On September 12, 1964, cars driven by Scharberg and Meyer collided at the intersection of U. S. Highways 89 and 87 in Cascade County, Montana. As a result of that accident Mrs. Meyer was killed, and Mr. Meyer and four of his six children suffered injuries of varying degrees.

At the time of the accident and presently, Scharberg was a

resident of Cascade County, and Meyer and his family were residents of Judith Basin County. Both Truck Insurance and National are foreign insurance companies.

Shortly after the accident, Mr. Meyer began to pursue his legal remedies against Scharberg. On January 12, 1965, Mr. Meyer received notice from Scharberg's insurer, National, that it was rescinding Scharberg's insurance contract effective August 14, 1964, because of certain alleged misrepresentations made by Scharberg when his application was processed. This notice stated that National would not entertain any claims submitted by Meyer or members of his family for injuries arising out of the accident.

Meyer's insurance contract with Truck Insurance included a clause which provided coverage for damages caused by an uninsured motorist. The contract defined an uninsured motorist as one who has no bodily injury liability insurance or a person who has such insurance "but the company writing the same denies coverage thereunder." Since National had notified Meyer that it would not honor any claims he might submit to National for damages arising out of the accident, Meyer sought to invoke the coverage of the uninsured motorist provisions of his policy with Truck Insurance.

Meyer brought suit against Scharberg and recovered a judgment in his favor and that of his children on January 25, 1966. This suit was brought and judgment entered in the district court of Cascade County.

Prior to the completion of Meyer's action against Scharberg, on September 7, 1965, Truck Insurance filed its complaint in Lewis and Clark County asking for declaratory relief as to which insurance company was responsible for the claims arising out of this accident, joining as defendants National, Lawrence Scharburg, and all of the Meyers who were injured. Since Scharberg was a minor at the time of the accident and at the time the declaratory judgment action was instituted, it

became necessary to have a guardian ad litem appointed to represent him.

Nearly eleven months passed before a guardian was appointed for Scharberg and legal counsel was found to represent him. Prior to Scharberg's first appearance in this action, National filed a motion for change of venue from Lewis and Clark County to Cascade County, and Meyer filed a motion for change of venue from Lewis and Clark County to Judith Basin County. Both of these motions were denied on May 12, 1966. National has appealed from this order, but Meyer did not.

At this point we depart temporarily from a recitation of the facts to mention Truck Insurance's motion to dismiss National's appeal for the reason and on the ground that it was not timely perfected. Truck Insurance's motion to dismiss may be well-taken, but we feel that our ultimate disposition of this appeal renders the question moot.

Resuming our recitation of the facts, we come to Scharberg's first appearance in the declaratory judgment action which was a motion for change of venue from Lewis and Clark County to Cascade County filed on August 3, 1966. His motion was supported by affidavits made by himself and his guardian ad litem. Both these affidavits set forth many of the facts which have been previously mentioned. The Meyers also filed on August 3, 1966, a motion seeking a change of the place of trial to Cascade County. This affidavit contained facts similar to the affidavits of Scharberg and his guardian ad litem and noted that it would be inconvenient for Meyer or any witnesses he might produce to have to travel to Lewis and Clark County. Truck Insurance filed no affidavits in opposition to the motions for change of venue, but they were denied by the district court on August 4, 1966. The district court stated that Scharberg's motion was without merit and that Meyers' motion was improvidently filed. Meyers and Scharberg appealed from this order of the district court.

In the briefs filed in this court and at the oral argument of

this matter, all the defendants National, Scharberg and Meyers, have agreed that the proper county in which to try this case is Cascade County.

The issue presented by this appeal is whether the defendants are entitled to have this declaratory judgment action moved to Cascade County, the residence of one of the defendants, the county in which the insurance contract in question was entered into, the county in which the tort occurred which gives rise to this entire action, and the county which is most convenient for the defendants and their witnesses.

Section 93-2904, R.C.M.1947, provides in part: "(T)he action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action * * *."

Section 93-2906, R.C.M.1947, provides in part: "The court or judge must, on motion, change the place of trial in the following cases:

"1. When the county designated in the complaint is not the proper county. * * *

"3. When the convenience of witnesses and the ends of justice would be promoted by the change."

We commented on section 93-2904, in Fraser v. Clark, 128 Mont. 160, 180, 273 P.2d 105, 116, in this manner: "Notwithstanding the four subordinate clauses, the main clause of the first sentence of § 93-2904 contemplates that ordinarily and when possible the action shall be tried in the county in which the defendants reside at the commencement of the action, the four subordinate clauses simply setting forth circumstances under which exceptions and departures from the general rule are permitted. Thus does the statute make the place of defendants' residence at the commencement of the action the first and foremost factor in determining the venue."

Let us examine the residence of each of the defendants. Scharberg is a resident of Cascade County. Meyers are residents of Judith Basin County. National is a foreign insurance company, duly qualified and authorized to do business in Mon-

tana. Thus, the primary criteria established by section 93-2904 and confirmed in the Fraser case, supra, demand that the action be tried in either Judith Basin County or Cascade County.

However, Truck Insurance has made the novel argument that this declaratory judgment action is simply a controversy between two foreign insurance companies with the other defendants being mere spectators. Truck Insurance further contends that section 40-2818, R.C.M.1947, gives nonresident insurance companies residency in Lewis and Clark County for purposes of venue under section 93-2904, and thus, since National is the primary defendant, the action should be tried in Lewis and Clark County.

We think that Truck Insurance's contention concerning the effect of section 40-2818 is completely erroneous. Section 40-2818 has three subdivisions. The first deals with the requirement of each insurer applying for authority to transact insurance in Montana to appoint the insurance commissioner as its attorney to receive service of legal process. The second deals with how service of process may be made on a foreign insurer and on domestic insurers. The third deals only with the name and address of the person the insurer wishes the service of process to be sent to. This section simply cannot be construed for the purpose of venue under section 93-2904, supra, as giving a foreign insurance company a residency in Lewis and Clark County.

We are unable to agree with Truck Insurance's contention that defendants Scharberg and Meyers are mere spectators or disinterested persons in this action. An important factor in this action is going to be the transactions that took place between Scharberg and National concerning the alleged misrepresentations. Truck Insurance filed no affidavits in opposition to the motions for change of venue by Scharberg and Meyers, as noted previously. The mere statement that it considers National as the primary defendant is not sufficient to overcome all the other facts that are involved in this action.

 Since all of the defendants agree that Cascade County is the proper county in which to try this action and since Cascade County is the residence of one of the defendants in this action, we hold that Cascade County is the proper county in which to try this action.

The district court erred in denying the motions of defendants Scharberg and Meyers.

The order appealed from is reversed with instructions to transfer the action to Cascade County.

MR. JUSTICES ADAIR, CASTLES, DOYLE and JOHN C. HARRISON concur.