No. 12261

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

MIKE FOLEY,

Plaintiff and Respondent,

-vs-

GENERAL MOTORS CORPORATION et al.,

Defendants and Appellants.

---

Appeal from:  District Court of the First Judicial District,
Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:
Submitted without argument.

For Appellant:

Marra & Wenz, Great Falls, Montana 59401.

For Respondent:

Loble, Picotte, Loble, Pauly & Sternhagen, Helena,
Montana 59601.
Jardine, Stephenson, Blewett & Weaver, Great Falls,
Montana 59401.

---

Submitted:  June 26, 1972.

Decided: JUL 1 8 1972

Filed: JUL 1 8 1972

*Thomas J. Kearney*

Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by one of two defendants from an order of the district court of Lewis and Clark County denying its motion for a change of venue.

Plaintiff purchased a 1971 Chevrolet pickup, manufactured by General Motors Corporation, from City Motor Co., Inc. of Great Falls. Thereafter, plaintiff was injured on an unidentified road south of Helena when one of the front springs broke and the steering mechanism locked causing the pickup to overturn.

Plaintiff filed in the district court of Lewis and Clark County an action for damages for his personal injuries against two defendants: General Motors Corporation, manufacturer of the pickup, and City Motor Co., Inc. the retail auto dealer from whom plaintiff purchased the pickup. The complaint contained seven counts, some of which sounded in tort and some of which sounded in contract. Liability was alleged against both defendants based on negligence, breach of warranty, and strict liability (products liability).

Defendant General Motors Corporation (hereinafter designated GMC) was served by service of a copy of the summons and complaint upon M. J. Hughes, its designated agent for service of process. Defendant GMC is a foreign corporation and Hughes is a resident of Lewis and Clark County, where service was made.

Defendant City Motor Co., Inc. (hereinafter designated City Motor) is a retail automobile dealership located in Cascade County. It filed a motion for change of venue from Lewis and Clark County to Cascade County on two grounds: (1) That Cascade County is the residence of defendant City Motor, and (2) that the alleged negligence, breach of warranty, or breach of contract could only have occurred in Cascade County. It also filed an affidavit in support

of its motion for change of venue to the effect that its residence and principal place of business are in Cascade County and that it is apparent from plaintiff's claim that the place where the contract was made and the place where the alleged tort was committed was Cascade County.

Plaintiff filed an affidavit opposing any change of venue. It averred that service was made on defendant GMC in Lewis and Clark County, and that the injuries resulting from the breach of warranty and negligence of defendant City Motor did not occur in Cascade County.

The district court denied defendant City Motor's motion for change of venue and City Motor now appeals.

The controlling venue statute for civil actions such as the instant case is section 93-2904, R.C.M. 1947, which provides:

> "Other actions, according to the residence of the parties. In all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or where the plaintiff resides, and the defendants, or any of them, may be found; or, if none of the defendants reside in the state, or, if residing in the state, the county in which they so reside be unknown to the plaintiff, the same may be tried in any county which the plaintiff may designate in his complaint; and if any defendant or defendants may be about to depart from the state, such action may be tried in any county where either of the parties may reside, or service be had. Actions upon contracts may be tried in the county in which the contract was to be performed, and actions for torts in the county where the tort was committed; subject, however to the power of the court to change the place of trial as provided in this code."

This statute was construed in Fraser v. Clark, 128 Mont. 160, 180, 273 P.2d 105, in this manner:

> "Notwithstanding the four subordinate clauses, the main clause of the first sentence of sec. 93-2904 contemplates that ordinarily and when possible the action shall be tried in the county in which the defendants reside at the commencement of the action, the four subordinate clauses simply setting forth circumstances under which exceptions and departures from the general rule are permitted."

Thus the general rule governing venue of civil actions is that the action shall be tried in the county in which the defendants or any of them reside at the commencement of the action. Fraser v. Clark, supra; Bick v. Haidle, 156 Mont. 350, 480 P.2d 818 and cases cited therein.

In order to maintain suit in another county than that of defendant's residence, plaintiff must clearly show facts relied upon to bring the case within one of the exceptions to the general rule. Hidden Hollow Ranch v. Collins, 146 Mont. 321, 406 P.2d 365; Rapp v. Graham, 145 Mont. 371, 401 P.2d 579. In the instant case, plaintiff contends that where the action is properly laid in the county of residence of one of two codefendants, the other defendant has no right to change of venue to the county of his residence, citing Tassie v. Continental Oil Co., 228 F.Supp. 807, (D.C.Mont. 1964). Plaintiff contends the county of residence of defendant GMC, a foreign corporation, is the county of residence of its registered agent, in this case Lewis and Clark County.

A foreign corporation does not acquire residence for venue purposes in a particular county of this state by reason of designating a resident of that county as its agent for service of process. As far back as 1926, this Court held that unless a foreign corporation was given a domestic residence by statute, it remains a nonresident of the state under the venue statutes and may be sued in any county of the state. Pue v. Northern Pacific Ry. Co., 78 Mont. 40, 252 P.2d 313. Again in 1928, this Court held that a foreign corporation does not reside in any county of the state within the meaning of the venue statutes and may be sued in any county. Hanlon v. Great Northern Ry. Co., 83 Mont. 15, 268 P. 547.

The most recent holding was in 1967, where in a situation similar to the instant case we held that a statute requiring an insurance company to appoint the insurance commissioner as its

agent for service of process is not to be construed as giving a foreign insurance company residence in Lewis and Clark County for venue purposes. Truck Insurance Exchange v. National Farmers Union Property & Casualty Co., 149 Mont. 387, 427 P.2d 50.

Since these decisions, the legislature has enacted the Montana Business Corporation Act, Ch. 300, 1967 Session Laws, now sections 15-2201 through 15-22-140, R.C.M. 1947. We find nothing therein granting a foreign corporation residency in a particular county of this state for venue purposes by reason of the residency of its statutory agent for the service of process therein.

The judgment of the district court is reversed. This cause is remanded to the district court of Lewis and Clark County with directions to grant defendant City Motor's motion for change of venue to Cascade County.

_____
Associate Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Associate Justices.