No. 12469

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

JOHN SLOVAK, MARY K. SKOVAK,
PAUL SLOVAK et al.,

                    Plaintiffs and Appellants,

    -vs-

KENTUCKY FRIED CHICKEN et al.,

                    Defendants and Respondents.

---

Appeal from:  District Court of the Thirteenth Judicial District,
              Honorable Nat Allen, Judge presiding.

Counsel of Record:

    For Appellants:

        Crowley, Kilbourne, Haughey, Hanson and Gallagher,
        Billings, Montana
        Jack Ramirez argued, Billings, Montana

    For Respondents:

        Poore, McKenzie and Roth, Butte, Montana
        Allen R. McKenzie argued, Butte, Montana

---

                              Submitted:  November 30, 1973

                              Decided: JAN 3 0 1974

Filed: JAN 3 0 1974

_Thomas J. Kearney_
                                        Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an action alleging claims couched in terms of a tort arising from a contract and for breach of that contract. Plaintiffs bring this appeal from an order of the district court of Yellowstone County granting defendants' motion for change of venue to Cascade County, Montana.

The complaint was filed in Yellowstone County on April 19, 1972. Defendants' motion for change of venue was filed on June 2, 1972. On January 5, 1973, plaintiffs disqualified presiding Judge Robert H. Wilson and the cause was transferred to Judge C.B. Sande, who deemed himself disqualified. The cause was then transferred to Judge Charles Luedke on January 11, 1973. On January 12, 1973, Judge Luedke entered an order denying the motion for change of venue. Defendants then disqualified Judge Luedke by affidavit dated January 5, 1973. Judge Nat Allen assumed jurisdiction and, by order dated February 19, 1973, set aside Judge Luedke's order of January 12, 1973, and changed the venue to Cascade County.

This action by Judge Allen would normally amount to circumvention of appeal by allowing collateral attack of an appealable order of a district court. However, as Judge Allen pointed out in his order setting aside Judge Luedke's order, there were special circumstances in this case. An affidavit filed by defendants' counsel stated that due to the various disqualifications of judges, he was unaware of who the presiding judge was on January 12, 1973, the date of Judge Luedke's order, and hence had no opportunity to file an affidavit of disqualification of Judge Luedke prior to entry of that order. On appeal no question is presented regarding the use of an affidavit of disqualification, however we call attention of counsel to, In the Matter of the Application of Jan S. Stewart for a Writ of Supervisory Control or Other Appropriate Writ, ____Mont.____, ____P.2d ____, 31 St. Rep. 1.

Plaintiffs are John Slovak, Mary K. Slovak, Paul Slovak, Mary J. Slovak, Andrew Slovak and Anne E. Slovak, hereinafter referred to as the Slovaks; defendants are Kentucky Fried Chicken of Montana, Montana Franchising, Inc., Gerald Leavitt, Fred C. Haas, Jr., Raymond C. Whitaker; and all persons whose names are unknown who are now or who have been stockholders of the above-named corporation, hereinafter referred to as Kentucky Fried Chicken of Montana.

The Slovaks' complaint in contract and in tort are related to a contract of sale of a Kentucky Fried Chicken franchise. The record indicates that, at the time the contract was made, the Slovaks were residents of Yellowstone County, and Kentucky Fried Chicken of Montana had its principal place of business in Silver Bow County. At the time of the commencement of the action Slovaks were residents of Yellowstone County; Kentucky Fried Chicken of Montana and Montana Franchising, Inc., had their principal place of business in Cascade County, and Gerald Leavitt, the only other defendant served was a resident of Cascade County.

The third paragraph of the contract between the parties states:

> "3. Contemporaneously with the execution of this agreement, Slovak shall execute and deliver to Kentucky Fried Chicken of Montana, at Billings, Montana, a good and sufficient assignment and conveyance to Corporation of Slovak's right, title and interest in and to the July 16, 1956 Franchise Agreement, which Assignment and conveyance shall be held by the Midland Bank and Trust Company of Billings, Montana in escrow pending payment in full of the $35,000.00 by the Corporation. All escrow fees and collection charges shall be shared equally by the parties, and all payments made hereunder shall be unto said Bank."

The sole issue before this Court is whether the district court erred in changing the venue of this action from Yellowstone County to Cascade County.

Section 93-2904, R.C.M. 1947, the pertinent venue statute, provides:

"In all other cases the action shall be tried
in the county in which the defendants, or any
of them, may reside at the commencement of the
action, or where the plaintiff resides, and the
defendants, or any of them, may be found; or,
if none of the defendants reside in the state, or,
if residing in the state, the county in which they
so reside be unknown to the plaintiff, the same
may be tried in any county which the plaintiff
may designate in his complaint; and if any de-
fendant or defendants may be about to depart from
the state, such action may be tried in any county
where either of the parties may reside, or service
be had. Actions upon contracts may be tried in
the county in which the contract was to be per-
formed, and actions for torts in the county where
the tort was committed; subject, however, to the
power of the court to change the place of trial
as provided in this code."

According to the express terms of the contract, its

place of performance was Billings, Yellowstone County, Montana.

We find that venue was proper in Yellowstone County concerning

the claim ex contractu. Hartford Accident and Indemnity Co. v.

Viken, 157 Mont. 93, 483 P.2d 266.

Concerning the claim ex delicto, Slovaks' complaint

alleges that under the contract's terms they were to receive six

percent of the gross receipts of Kentucky Fried Chicken of Montana.

They further allege that Montana Franchising, Inc., was created

as a sub-franchising entity by the three individually named de-

fendants for the purpose of reducing the gross income of Kentucky

Fried Chicken of Montana and thus reducing the Slovaks' six percent

royalty payments.

There is a dispute concerning where, for the purposes of

venue under section 93-2904, R.C.M. 1947, the commission of the

alleged tort occurred. In this connection it has been suggested

that residence of the individual and corporate defendants control

and the alleged tort was conceived in or committed at a situs

different from Yellowstone County, therefore the proper place of

trial would be Silver Bow or Cascade County. In support defendants

cite, with considerable emphasis, the recent decision of this Court

in Foley v. General Motors Corp., 159 Mont. 469, 499 P.2d 774.

- 4 -

A careful analysis of <u>Foley</u> discloses that it could not be determined from the facts where the tort occurred. Consequently, that issue was not controlling nor discussed. The issue involved in <u>Foley</u> was the residence of the foreign corporation, General Motors Corporation, and therefore offers no support in the solution of the instant problem.

An analogous issue was resolved in Brown v. First Federal Savings & Loan Assn., 144 Mont. 149, 156, 394 P.2d 1017. <u>Brown</u> involved a construction loan agreement between borrowers in Lewis and Clark County and lenders in Cascade County. The borrowers filed a complaint in Lewis and Clark County sounding in contract and tort, and the lenders moved for change of venue to Cascade County. In affirming a denial of the motion, this Court stated:

> "While we may not know where the tort was committed, we do know that the defendant has not sustained the burden of proof necessary to overturn the prima facie case of proper venue.

> "A finance company which extends itself to contract in several counties in this state cannot be said to be contracting to perform at its principal place of business. If a savings and loan association serves as the financial shadow behind a home builder, it is reasonable to hold that the place of performance is where the home is built and the negligence in the management of the financing, if any, is committed there also."

Here, plaintiffs were accorded the option by section 93-2904, R.C.M. 1947, to file either in the county of defendants' residence or in the county where the tort was committed. Seifert v. Gehle, 133 Mont. 320, 323 P.2d 269.

Section 93-2906, R.C.M. 1947, provides a defendant the right to change venue only in the following limited instances:

> "The court or judge must, on motion, change the place of trial in the following cases:

> "1. When the county designated in the complaint is not the proper county.

> "2. When there is reason to believe that an impartial trial cannot be had therein.

> "3. When the convenience of witnesses and the ends of justice would be promoted by the change.

> "4. When the judge is disqualified from acting for any cause; but no change of the place of trial shall be made if:

"(a) the parties agree in writing upon another district judge, or member of the bar as judge pro tempore, or

"(b) any qualified district judge is called in, and within thirty (30) days after the motion is made, appears and assumes jurisdiction of the cause and of all matters and proceedings therein.

"If the judge so appears he shall be vested with, and shall exercise, all the authority of the judge of the district in which the action or proceeding may be pending."

Here, defendants' motion for change of venue contained these grounds:

"A. That the County of Yellowstone is not the proper County for the trial of said action.

"B. That it appears from Plaintiffs' complaint and from the Affidavit of Defendants' counsel, Allen R. McKenzie, filed herein in support of Defendants' Motion for change of place of trial to Cascade County, Montana, or in the alternative to Silver Bow County, Montana, that the acts complained of occurred in Butte and Great Falls, Montana, and that the County where the tort complained of in Count II of Plaintiffs' complaint was committed in Butte, Montana and that the principal place of business of the Defendants, KENTUCKY FRIED CHICKEN and MONTANA FRANCHISING, INC., was in Great Falls, Montana at the time of the commencement of the action and the residence of the Defendant, Gerald Leavitt, is Great Falls, Montana."

Defendants' Ground A merely states a legal conclusion. Ground B contends that the acts constituting the alleged tort were committed in Butte or Great Falls. We cannot agree with defendants' contention, in light of the ruling in Brown. In actions, such as this, where a complaint states a claim for breach of contract and an interrelated and dependent claim in tort, the county of performance of the contract and the resulting damages to the plaintiff must necessarily be the county where the interrelated fraud, negligence, conspiracy, deceit, or whatever tort, if any, was committed for purposes of section 93-2904, R.C.M. 1947, in determining venue.

The order appealed from is reversed and this cause remanded to the district court of Yellowstone County.

_____
                    Justice

- 6 -

We Concur:

_James E. Harrison_
Chief Justice

_Frank I. Howell_

_____

_John Conway Harrison_
Justices.