No. 85-54

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

MERILYN BRADLEY, as Personal Representative
of the Estate of MICHAEL BRADLEY, deceased,
and on behalf of all other heirs of MICHAEL
BRADLEY,

                              Plaintiff and Respondent,

        -vs-

VALMONT INDUSTRIES, INC., a Delaware
corporation; TRIANGLE IRRIGATION,
a Montana corp.; GLACIER ELECTRIC
CO-OPERATIVE, INC., a Montana Corp.;
FIRST CONTINENTAL CORP., a Montana
corp.; JOHN GREYTAK; and JOHN DOES
I-X,

                              Defendants and Appellants.

---

APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Joel G. Roth, Judge presiding.


COUNSEL OF RECORD:

        For Appellants:

                Cure, Borer & Davis; Maxon R. Davis, (Valmont Ind.)
                Great Falls, Montana
                Jardine, Stephenson, Blewett & Weaver; James E.
                Aiken,(Triangle Irrigation), Great Falls, Montana
                Emmons & Coder; Robert J. Emmons,(Glacier Electric),
                Great Falls, Montana
                Marra, Wenz, Johnson & Hopkins, Dan L. Spoon,(Greytak
                & First Continental Corp.), Great Falls, Montana

        For Respondent:

                Regnier, Lewis & Boland; James M. Regnier, Great
                Falls, Montana

---

                              Submitted on Briefs:   April 4, 1985

                                      Decided:   June 25, 1985


Filed: JUN 25 1985

*Ethel M. Harrison*

---
                              Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Defendant Glacier Electric Co-operative, Inc. (hereinafter Glacier Electric) appeals from a denial of a motion for change of venue by the District Court of the Eighth Judicial District, Cascade County. We affirm.

Michael Bradley was electrocuted while working on a center pivot irrigation system on September 11, 1981, in Pondera County. His widow, Merilyn Bradley, filed this products liability action for wrongful death and survivorship against the five named defendants in Cascade County on September 7, 1984.

Each of the named defendants resides in a different county for purposes of venue. Valmont Industries, Inc. is a foreign corporation doing business in Montana. Triangle Irrigation has its place of business in Cascade County. First Continental Corporation is engaged in various businesses throughout Montana, including the site of the accident in Pondera County. John Greytak resides in Yellowstone County. Glacier Electric has its principal place of business in Glacier County. There is no dispute as to the situs of the alleged tort, Pondera County, or the residences of the various defendants. Further, no other defendant is appealing the order denying the change of venue.

Glacier Electric's motion for change of venue was heard on December 12, 1984 and the District Court denied the motion on December 13, 1984. Glacier Electric filed a notice of appeal to this Court on January 7, 1985.

The sole issue on appeal is whether the District Court properly denied Glacier Electric's motion to change venue from Cascade County, a residence of one defendant, to Pondera County, the situs of the alleged tort.

2

The general rule for venue of a civil action is that "the action shall be tried in the county in which the defendants or any of them may reside at the commencement of the action . . . "   Section 25-2-108, MCA.   A permissive statutory exception to this general rule is that "[a]ctions for torts may be tried in the county where the tort was committed . . . "   Section 25-2-102, MCA.   The forerunner of these statutes was section 93-2904, R.C.M. (1947).   In Seifert v. Gehle (1948), 133 Mont. 320, 323 P.2d 269, the plaintiff filed a tort action in Lake County.   The tort had occurred in Lincoln County and the defendant resided in Flathead County.   The district court denied the defendant's request to have venue changed to his resident county.   This Court, in reversing the district court, interpreted this section as follows:

> "In this case the statute means that either the county of defendant's residence or the county where the tort was committed is a proper county for the trial of the action, and had the plaintiff chosen either of those counties the defendant could not have had it removed."   323 P.2d at 270.

In Slovak v. Kentucky Fried Chicken (1973), 164 Mont. 1, 518 P.2d 791, this Court again explained the elective procedure available to plaintiff "to file either in the county of defendant's residence or in the county where the tort was committed."   (Citations omitted.)   518 P.2d at 794.   These cases, along with others, make Montana's venue rule in tort actions clear.   So long as the plaintiff files a tort action in a county where a defendant resides or in the county where the tort was committed, venue is proper.   In this case, the plaintiff filed her cause of action in Cascade County, the residence of defendant Triangle Irrigation.   We hold that the plaintiff filed the action in a proper county and Glacier Electric is not entitled to removal.

3

The 1985 revisions in Montana's venue laws change the form, not the substance of this rule. Section 25-2-102, MCA (1985) states: "The proper place of trial for a tort action is: (1) The county in which the defendants, or any of them, reside at the commencement of the action; or (2) The county where the tort was committed . . . "

This section codifies the long-standing interpretation of Montana's tort exception to the basic venue rule found in Seifert and Slovak, cited above. The result in this case would be the same under these new rules.

Glacier Electric cited Whalen v. Snell (Mont. 1983), 667 P.2d 436, 40 St.Rep. 1283 for its position that venue in a tort action "must" be brought in the county where the tort was committed. This is not the holding of Whalen. In fact, Whalen repeats the general rule that:

> ". . . the action shall be tried in the county in which the defendant resides . . . Permissive statutory exceptions to this general rule include provisions that . . . torts may be tried in the county where the tort was committed." 667 P.2d at 437. (Emphasis added.)

The order of the District Court is hereby affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4