Beverly J. DALTON, Plaintiff,

v.

J.H. CARR & SONS, Furniture Manufacturers; W.A. Huston Manufacturing, Inc.; Barton Wood Products; Barton Bee-Line; and DOES 1 through 50, Defendants.

No. CV 85-231-BU-CCL.

United States District Court,
D. Montana,
Butte Division.

Feb. 21, 1986.

Alan J. Lerner, Bigfork, Mont., for plaintiff.

Gary L. Davis, Luxan & Murfitt, Helena, Mont., for W.A. Huston Mfg., Inc., Barton Wood Products, & Barton Bee-Line.

James E. Vidal, Murray, Kaufman, Vidal & Gordon, Kalispell, Mont., for J.H. Carr & Sons.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

Defendant J.H. Carr & Sons moves to dismiss the above-entitled action on the basis of improper venue or, in the alternative, to transfer the case to the Missoula Division of this Court. The remaining defendants join in such motion. Plaintiff opposes dismissal or transfer, and urges the Court to defer to her choice of forums.

Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332. Plaintiff is a resident of Flathead County, Montana. Defendants are citizens of the state of Washington.

Where jurisdiction in a civil action is founded only on diversity of citizenship, venue is proper in the judicial district in which all plaintiffs reside or in which the claims arose. 28 U.S.C. § 1391(a). In the instant case, therefore, venue in the District of Montana is proper. The motions to dismiss on venue grounds are without merit.

The Court turns now to the motions for transfer of this matter within the district to the Missoula Division. Under Local Rule 105-3(a), I am required to apply Montana law governing the place of trial.

Generally, a defendant is entitled to be sued in the county in which it resides. Mont.Code Ann. § 25-2-118(1); *Letford v.*

*Kraus,* — Mont. ——, 672 P.2d 265 (1983). Defendants in the present case are considered nonresidents of Montana and may be sued in any proper county within the state. *Tassie v. Continental Oil Corp.,* 228 F.Supp. 807 (D.Mont.1964). And see *Truck Insurance Exchange v. National Farmers Union Property and Casualty Company,* 149 Mont. 387, 427 P.2d 50.

■ An exception to the general rule of venue, however, is found in Mont.Code Ann. § 25-2-122, which provides the proper place of trial for a tort action is "the county where the tort was committed." A tort is committed where there is a concurrence of the breach of an obligation and the occasion of damages. *Whalen v. Snell,* — Mont. ——, 667 P.2d 436 (1983).

■ Plaintiff's reliance on *Tassie,* 228 F.Supp. 807, to resist transfer of this matter is misplaced. Under Montana law, a plaintiff does not enjoy an unlimited right of forum shopping. The Montana Supreme Court never has held that a plaintiff has an absolute choice of forum. Rather, a tort action may be brought either in the county of defendants' residence or in the county where the tort occurred. *Siefert v. Gehle,* 133 Mont. 320, 323 P.2d 269 (1958). Where a plaintiff fails to file an action in a proper county, defendants may change venue to any proper county. *Id. See also Howard v. Dooner Laboratories,* — Mont. ——, 688 P.2d 279 (1984) (reaffirming the principle that venue is proper where a tort actually is committed).

■ Underlying Montana's approach to venue is the fundamental requirement of fairness to defendants. *Howard,* 688 P.2d at 280. The Butte Division, in which plaintiff filed this action, has no apparent connection to the case. None of the parties reside within the division. The alleged torts were not committed in the division. It does not even appear that any potential witnesses or exhibits are located in the division. For reasons known only to plaintiff, she simply determined the Butte Division was the most attractive forum in which to bring suit. Since the alleged torts were committed within the Missoula Division, the Court finds such division constitutes the proper place for trial of this matter.

For the reasons stated above,

IT IS ORDERED that defendants' motions to dismiss are DENIED. Defendants shall have 20 days within which to further plead.

IT IS FURTHER ORDERED that defendants' motions for change of venue to the Missoula Division of this Court are GRANTED.