No. 85-490

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

STREICH & ASSOCIATES, INC.,
a corporation,

        Plaintiff and Respondent,

   -vs-

ST. PAUL MERCURY INSURANCE COMPANY,
a corporation, and ROBERT C. MASTERS,

        Defendants and Appellants.

---

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Nat Allen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Alexander & Baucus; Neil Ugrin, Great Falls, Montana

    For Respondent:

        Terry N. Trieweiler, Whitefish, Montana

---

        Submitted on Briefs: Jan. 16, 1986

             Decided: April 29, 1986

Filed: APR 29 1986

_____
                Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

This is an appeal from the Flathead County District Court's denial of a motion for change of venue. We affirm.

We note at the outset that although the new venue provisions in the Montana Code were not in effect when the District Court handled this matter, they apply to this appeal. See Weiss v. State (Mont. 1986), 712 P.2d 1315, 43 St.Rep. 82. The current § 25-2-122, MCA, provides that proper venue for a tort action is where defendant resides, or where the tort was committed.

In this case, we are asked to determine where an alleged insurer bad faith tort was committed. If the alleged tort was not committed in Flathead County, then plaintiff filed the action in an improper county under § 25-2-122, MCA, and defendants are entitled to removal. See Bradley v. Valmont Industries, Inc. (Mont. 1985), 701 P.2d 997, 42 St.Rep. 925.

Plaintiff filed its complaint in the District Court for Flathead County, Montana, claiming the defendants violated Montana's Unfair Trade Practices Act, § 33-18-201, MCA. The complaint alleges that plaintiff's potato crop was damaged by potting soil purchased from Martin's Peat, Inc. Both the plaintiff's farm and Martin's Peat, Inc., are in Flathead County.

Martin's Peat is insured by defendant, St. Paul Mercury Insurance Company. The insurance company has its principal place of business in St. Paul, Minnesota. Defendant, Masters, is a claims representative for the insurance company. Masters resides and maintains his office in Great Falls, Cascade County, Montana. An affidavit of Masters was filed

2

at the District Court stating that all work and decisions on plaintiff's claim were accomplished in Great Falls. The affidavit also attests that Masters is quadriplegic and that he performs nearly all of his work for the insurance company in Great Falls.

Defendants filed a motion requesting that venue be changed to Cascade County. The District Court denied that motion and a subsequent motion by defendants to vacate, amend, alter or revise the denial. Defendants now appeal the District Court's refusal to change venue.

We note that the insurance company and its claims representative are separate defendants. Section 25-2-117, MCA is therefore applicable. That statute provides that "a county that is a proper place of trial for any defendant is proper for all defendants." In this case, venue in Flathead County was proper for the insurance company.

The basis of plaintiff's complaint is that defendants violated Montana's Unfair Trade Practices Act by: (1) failing to act reasonably promptly with respect to plaintiff's claim of damage to his potato crop; (2) failing to adopt and implement reasonable standards for the prompt investigation of plaintiff's claim; and (3) failing to attempt in good faith to effectuate prompt, fair and equitable settlement of plaintiff's claim even though liability was reasonably clear. See § 33-18-201, MCA. Defendants allege that these ommissions were committed, if at all, in Cascade County where the claim was reviewed and decisions on handling the claim were made. We disagree.

Plaintiff's action is founded on § 33-18-201, MCA. The insurer's duties under that statute include investigation and negotiation. These duties could only have realistically been

3

performed in Flathead County. Therefore, the duty could only be breached in Flathead County.

"For the purposes of venue, a tort is committed where there is a concurrence of breach of obligation and the occasion of damages." Whalen v. Snell (Mont. 1983), 667 P.2d 436, 40 St.Rep. 1283, 1285. Here, the breach, if any, of the insurer's obligation and the damages occurred in Flathead County. Venue was, therefore, proper in Flathead County.

We affirm.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____

_____
Justices

4