No. 86-255

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

ALLEN L. McALEAR,

        Plaintiff and Appellant,

  -vs-

DEBORAH KASAK,

        Defendant and Respondent.

_____

APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Roy Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Allen L. McAlear, Bozeman, Montana

    For Respondent:

        James P. Reynolds, Helena, Montana

_____

Submitted on Briefs: Nov. 13, 1986

Decided: January 13, 1987

Filed:    JAN 13 1987

_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This is an appeal from an order granted by the District Court of the Fourteenth Judicial District, Meagher County, changing venue in a tort action. Plaintiff appeals. We affirm.

There is one issue on appeal: Did the District Court err in changing venue?

Plaintiff Allen McAlear filed an action for defamation against Deborah Kasak. Kasak had worked briefly in McAlear's law office. She left her employment and filed an action against McAlear with the Human Rights Commission alleging sexual harassment.

After filing her complaint with the Human Rights Commission, she filed a wage complaint with the Labor Standards Division. In explaining her reason for quitting or discharge, she set forth her allegations of sexual harassment by McAlear.

McAlear, pro se, brought an action against her for defamation based on the allegations in her wage complaint. McAlear brought the suit in Meagher County. Kasak, who currently lives in Pennsylvania, filed a motion to dismiss and a motion for change of venue. The District Court granted the motion for change of venue and moved the action to the Eighteenth Judicial District, Gallatin County, where McAlear's office is located, and, where Kasak worked while she was employed by McAlear. The district judge did not rule on the motion to dismiss. McAlear appeals the order changing venue.

McAlear contends that because Kasak is a nonresident of the State of Montana, he may select any county as the site

- 2 -

for his action, and she may not object. He relies on § 25-2-118, MCA, which states:

Unless otherwise specified in this part:

(1) except as provided in subsection (3), the proper place of trial for all civil actions is the county in which the defendants or any of them may reside at the commencement of the action;

(2) if none of the defendants reside in the state, the proper place of trial is any county the plaintiff designates in the complaint;

(3) the proper place of trial of an action brought pursuant to Title 40, chapter 4, is the county in which the petitioner has resided during the 90 days preceding the commencement of the action.

We wish to call attention to the first line of the statute, "Unless otherwise specified in this part . . ." The remainder of part 2 deals with the proper place of venue for specific types of actions. "Defamation is made up of the twin torts of libel and slander . . ." Prosser, Law of Torts, at 737 (5th Ed. 1984). Section 25-2-122, MCA, deals specifically with tort actions. It provides:

The proper place of trial for a tort action is: (1) the county in which the defendants, or any of them, reside at the commencement of the action; or (2) the county where the tort was committed. If the tort is interrelated with and dependent upon a claim for breach of contract, the tort was committed, for the purpose of determining the proper place of trial, in the county where the contract was to be performed.

In this case, the defendant does not reside within the State of Montana. The tort was committed, if at all, in Bozeman where McAlear has his office and where the alleged damage to his reputation occurred. It is unclear why the action was filed in Meagher County. It apparently has no relation to any person or occurrence in this action.

The general rule is that the defendant is entitled to be sued in the county of his residence. Section 25-2-118(1), MCA; Letford v. Kraus (Mont. 1983), 672 P.2d 265, 40 St.Rep.

- 3 -

1802. The defendant in this case is a nonresident of the State of Montana and may be sued in any _proper_ county. Tassie v. Continental Oil Corp. (D. Mont. 1964), 228 F.Supp. 807. However, we have never held that a plaintiff has an absolute choice of forum. A tort action may be brought in either the county of the defendant's residence, or the county where the tort occurred. Siefert v. Gehle (1958), 133 Mont. 320, 323 P.2d 269. Where plaintiffs file the action in an improper county, defendants may change venue to any proper county. Dalton v. Carr and Sons (D. Mont. 1986), 630 F.Supp. 726. In this case, plaintiff chose a county that is an improper site for venue. Defendant moved for and received a change of venue to a proper county: the site where the tort occurred. The District Court did not err.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices

- 4 -