No. 14493

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

MICHAEL A. LABELLA, JR.,

                    Plaintiff and Appellant,

   -vs-

BURLINGTON NORTHERN, INC.,
a corporation,

                    Defendant and Respondent.

_____

Appeal from:  District Court of the First Judicial District,
            Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

    For Appellant:

        Hoyt and Lewis, Great Falls, Montana
        John C. Hoyt argued, Great Falls, Montana

    For Respondent:

        Kurt W. Kroschel argued, Billings, Montana

_____

                  Submitted: March 26, 1979

                  Decided:  JUN 5 1979

Filed:  1979

_Thomas J. Kearney_
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff appeals from an order of the District Court for Lewis and Clark County dismissing his complaint on the ground that suit was brought in an inconvenient forum.

Plaintiff is a resident of Spokane, Washington and has been employed by defendant railroad since 1947. Defendant, a Minnesota corporation, is a common carrier doing business in Montana and throughout the northwest. Plaintiff alleges that while inspecting and engaging air hoses between freight cars in defendant's Spokane train yard he tripped on some loose boards and was seriously injured. He filed a personal injury suit in Lewis and Clark County District Court under the Federal Employer's Liability Act (FELA), 45 U.S.C. §51 et seq., and defendant moved to dismiss on the ground of forum non conveniens.

After argument on the motion and consideration of both partys' affidavits, the District Court issued a memorandum decision and ordered the action dismissed. The trial judge noted the pertinent Montana case law and concluded that the application of forum non conveniens was within his discretion. State ex rel. Great Northern Ry. v. District Court (1961), 139 Mont. 453, 365 P.2d 512; Bracy v. Great Northern Ry. (1959), 136 Mont. 65, 343 P.2d 848. The issue on appeal is whether a District Court of this state may dismiss a FELA action because it deems itself an inconvenient forum. We hold that it may not.

Simply stated:

> "The rule of forum non conveniens is an equitable one embracing the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action before it may be more appropriately and justly tried elsewhere." Leet v. Union Pac. R. Co. (1944), 25 Cal.2d 605, 609, 155 P.2d 42, 44.

Under the doctrine, "a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a

general venue statute." Gulf Oil Corp. v. Gilbert (1947), 330 U.S. 501, 507, 91 L.Ed 1055, 1062, 67 S.Ct. 839, 842. The policy behind the rule is to allow the court to dismiss an action when it feels the cause can be more easily disposed of in another court. Once dismissed, the action is normally commenced anew in a different, more convenient forum.

The applicability of forum non conveniens to FELA actions has previously been before this Court. State ex rel. Great Northern Ry. v. District Court, supra; Bracy v. Great Northern Ry., supra. In those cases defendant railroad moved to dismiss on the ground of forum non conveniens and in each instance the trial court denied the motion. In Bracy at 68, the trial court "expressed doubt as to whether the doctrine . . . has any application in Montana," but ruled if it did, the facts of the case did not warrant its application. On appeal, this Court expressly declined to decide if the doctrine was viable. Bracy, supra at 68. The basis of the decision was that, assuming the doctrine's existence, there was no abuse of discretion in failing to dismiss. In State ex rel. Great Northern Ry., supra, Bracy was followed. The court stated: "We do not feel justified in this instance to establish the rule." State ex rel. Great Northern Ry., supra, at 457.

This is the only case to come before us where a District Court has dismissed an action on the ground it considers itself an inconvenient forum. We are thus for the first time squarely faced with the relation of forum non conveniens to FELA actions.

Section 6 of the FELA, 45 U.S.C. §56, reads as follows:

> "Under this chapter an action may be brought in
> a district court of the United States, in the
> district of the residence of the defendant, or
> in which the cause of action arose, or in which
> the defendant shall be doing business at the
> time of commencing such action. The jurisdic-
> tion of the courts of the United States under
> this chapter shall be concurrent with that of

- 3 -

the courts of the several States." (Emphasis added.)

The District Courts of Montana clearly have jurisdiction. Whether they have discretionary power to dismiss is determined by state policy, as discussed infra, and by an examination of Congressional intent in enacting and later in amending the FELA. Ch. 149, §1 et seq., 35 Stat. 65 et seq. (1908), amended Ch. 143, §1, 36 Stat. 291 (1910).

The refusal of the nation's railroads to compensate injured workmen was notorious; in a 1907 message urging Congress to pass the FELA, President Theodore Roosevelt noted:

> "The practice of putting the entire burden of loss to life and limb upon the victim or the victim's family is a form of social injustice in which the United States stands in unenviable prominence." 45 Cong.Rec. 4040 (1910).

The United States Supreme Court has repeatedly noted that the FELA is to be given a liberal construction in favor of injured railroad employees so that it may accomplish humanitarian and remedial purposes. See Urie v. Thompson (1949), 337 U.S. 163, 69 S.Ct. 1018, 43 L.Ed 1282; Coray v. Southern Pacific Co. (1949), 335 U.S. 520, 60 S.Ct. 275, 93 L.Ed 208; McGovern v. Philadelphia & Reading R.R. (1914), 235 U.S. 389, 35 S.Ct. 127, 59 L.Ed 283; Steinberg, The Federal Employer's Liability Act and Judicial Activism: Policymaking by the Courts, 12 Willamette L.J. 79 (1975).

In a Senate Committee Report, the purpose of the amendment to section 6 H.R. 17263, 61st Cong., 2d Sess. (1910), was said to be:

> " . . . to make entirely manifest the good faith of the legislature in the enactment of the employer's liability law, which places such stringent liability upon the railroads for injuries to their employees as to compel the highest safeguarding of the lives and limbs of the men in this dangerous employment. The tremendous loss of life and limb on the railroads is appalling . . .

> "It was the intention of Congress in the enact-
> ment of this law originally and it may be pre-
> sumed to be the intention of the present Congress
> to shift the burden of the loss resulting from
> these casualties from 'those least able to bear
> it' and place it on those who can . . . 'measurably
> control their causes'." Sen.Rep. No. 432, 61st
> Cong., 2d Sess., (1910), 45 Cong.Rec. 4041 (1910).

In reporting the bill out of committee, Senator Borah stated

his objection to the law as it existed:

> "Plaintiff may sometimes be compelled to go a
> great distance in order to have his cause of action
> against the defendant by reason of the fact that
> now the action must be brought in the district in
> which the defendant is an inhabitant . . .
>
> " . . . If this bill should be passed the law will
> be remedied in that respect, enabling the plaintiff
> to bring his action where the cause of action arose
> or where the defendant may be doing business. The
> bill enables the plaintiff to find the corporation
> at any point or place where it is actually carrying
> on business and there lodge his action, if he chooses
> to do so." 45 Cong.Rec. 4034-4035 (1910).

The strength of the policy behind section 6 can be further

gleaned from Congress' refusal to pass the Jennings Bill in 1947.

It would have repealed most of section 6 and limited the forum

choices of injured railroad workers to the district where the

cause of action arose or where the plaintiff resided. If process

could not be served in either of those places, an action could be

brought where defendant was doing business. H. R. 1639, 80th

Cong., 1st Sess., (1947).

In the leading case on forum non conveniens, Gulf Oil

Co. v. Gilbert, supra at 505, the United States Supreme Court

noted:

> "It is true that in cases under the Federal
> Employers' Liability Act we have held that plain-
> tiff's choice of a forum cannot be defeated on
> the basis of forum non conveniens. But this was
> because the special venue act under which those
> cases are brought was believed to require it."
> Citing, Miles v. Illinois Central R. Co. (1942),
> 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed 1129;
> Baltimore & Ohio R. Co. v. Kepner (1941), 314 U.S.
> 44, 62 S.Ct. 6, 86 L.Ed 28.

Insofar as the federal courts were concerned, the "special

venue act" lost its effect when 28 U.S.C. §1404(a) was enacted

in 1948. That section provides:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The Supreme Court, in ex parte Collette (1949), 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed 1207, 10 ALR2d 921, held that "any civil action" included suits brought in a Federal District Court under the FELA. Notwithstanding the strong policy favoring plaintiffs' forum selection, such actions were transferable under 28 U.S.C. §1404(a).

When faced with the issue of a state court's power to dismiss a FELA case on the ground of forum non conveniens, the court followed Collett. It said a state was not compelled to entertain FELA cases brought in its courts but could, "According to its own notions of procedural policy . . . reject as it may accept, the doctrine [of forum non conveniens] for all causes of action begun in its courts." Southern Ry. Co. v. Mayfield (1950), 340 U.S. 1, 3, 71 S.Ct. 1, 2, 95 L.Ed 3, 7. But see, Pope v. Atlantic Coast R. Co. (1953), 345 U.S. 379, 73 S.Ct. 749, 97 L.Ed 1094.

The policy of the State of Montana is clearly announced in the State Constitution. "Courts of justice shall be open to every person, and speedy remedy afforded for every injury of person, property, or character." 1972 Mont. Const., Art. II, §16. This constitutional right is unrestricted by reference to residence or citizenship. Indeed, such qualification could not pass muster under the Privileges and Immunities Clause of Art. IV, §2 of the United States Constitution. Hicklin v. Orbeck (1978), 437 U.S. 518, 523-524, 98 S.Ct. 2482, 2487, 57 L Ed 2d 397, 403. The Montana legislature has provided.

> "A citizen of the United States who is not a citizen of this State has the same rights and duties as a citizen of this state who is not an elector." Section 83-407, R.C.M. 1947, now section 49-1-204 MCA.

- 6 -

We fully recognize that the state is not constrained by federal law to reject the doctrine of _forum_ _non_ _conveniens_ in FELA actions. However, we find the policy favoring the injured railroad worker's choice of forum to be highly persuasive. This, in addition to the state's "open court policy" compels this Court to hold the doctrine of _forum_ _non_ _conveniens_ inapplicable to FELA suits filed in Montana District Courts. We repeat the warning set forth in State ex rel. Great Northern Ry., supra at 457. "If a substantial increase in this type of litigation is called to our attention in the future we will reexamine the situation in light of what we have herein stated."

Our decision is a narrow one. We have not been confronted by the application of _forum_ _non_ _conveniens_ in non-FELA cases and our holding today does not purport to deny or recognize the existence of the doctrine in cases where there is no strong policy favoring plaintiff's forum selection.

Reversed and remanded.

_____
                                    Chief Justice

We concur:

_____

_____

_____
Justices