J. L. BEVACQUA, PLAINTIFF AND APPELLANT, *v.* BURLINGTON NORTHERN, INC., A CORPORATION, DEFENDANT AND RESPONDENT.

No. 14187.
Submitted Jan. 30, 1979.
Decided Aug. 15, 1979.
598 P.2d 1124.

Hoyt & Lewis, John C. Hoyt, argued, Great Falls, for plaintiff and appellant.

Kurt W. Kroschel, argued, Billings, for defendant and respondent.

MR. JUSTICE SHEA delivered the opinion of the Court.

Plaintiff appeals from an order of the Cascade County District Court dismissing his complaint without prejudice on the ground that suit was brought in an inconvenient forum.

Plaintiff Bevacqua is a resident of Spokane, Washington, and has been employed by the defendant railroad since 1947. Defendant railroad as a Minnesota Corporation doing business as a common carrier in Montana and throughout the Northwest. Plaintiff alleges that while operating a "road switcher" at defendant's Hauser Yard in Idaho, he severely injured his back in attempting to turn the main air reservoir shut-off valve of the train's braking system. He was treated for back injury by a chiropractor and two medical doctors all of whom reside in Spokane, Washington.

Plaintiff brought suit for personal injuries in Cascade County District Court under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51, et seq., and other federal statutes. Defendant railroad promptly moved to dismiss on the ground of *forum non conveniens*. Based on the parties' affidavits and supporting memoranda, the District Court granted the railroad's motion to dismiss under the doctrine of *forum non conveniens* "due to the fact that the incident occured [sic] in Idaho and most of the witnesses including the plaintiff live in Spokane, Washington."

The issue on appeal is whether the District Court erred in dismissing this FELA suit under the doctrine of *forum non conveniens.*

Our decision in this case is controlled by *Labella v. Burlington Northern* (1979), 182 Mont. 202, 595 P.2d 1184. The doctrine of *forum non conveniens* must be tempered with the open door policy as stated in *Labella*, and there is presently no reason that causes us to apply it to FELA actions, as there has been no demonstrated abuse.

MR. CHIEF JUSTICE HASWELL, JUSTICES HARRISON and SHEEHY, J.J., and JOSEPH B. GARY, sitting in for Mr. Justice Daly, District Judge, concur.