No. 87-223
87-234
IN THE SUPREME COURT OF THE STATE OF MONTANA
1987

STATE OF MONTANA, ex rel., BURLINGTON
RAILROAD COMPANY, a corporation,
          Relator
     -vs-

DISTRICT COURT OF THE EIGHTH JUDICIAL
DISTRICT, IN AND FOR THE COUNTY OF
CASCADE, et al.
          Respondents.

No. 87-234

STATE OF MONTANA, ex rel., BURLINGTON
NORTHERN RAILROAD COMPANY, a corporation,
          Relator,
     -vs-

DISTRICT COURT OF THE THIRTEENTH JUDICIAL
DISTRICT OF THE STATE OF MONTANA, IN AND
FOR THE COUNTY OF YELLOWSTONE, et al.
          Respondents.

ORIGINAL PROCEEDINGS:

COUNSEL OF RECORD:
     For Relators:
          Crowley Law Firm; Bruce R. Toole, Billings, Montana
          Moulton Law Firm; K. Kent Koolen, Billings, Montana

     For Respondents:
          William G. Jungbauer, Minneapolis, Minnesota
          John W. Larson, Missoula, Montana
          Hon. John McCarvel, District Judge, Great Falls, Montana
          Hon. Thomas McKittrick, Great Falls, Montana
          David B Kiker, Aurora, Colorado
          Wright, Tolliver & Guthals; Robert S Fain, Billings,
          Montana
          Hon Diane G Barz, Dist. Judge, Billings, Montana

                              Submitted: August 11, 1987
                              Decided:   December 3, 1987

Filed:   DEC 3 - 1987

                    _Ethel M. Harrison_
          _____
                         Clerk

## CORRECTION

N182b

...........................................19

EDITORIAL DEPARTMENT,
  West Publishing Co., St. Paul, Minn.

Gentlemen: Please make the following correction in the opinion in the case of ..State ex rel. Burlington Railroad v..

v. ..Dist. Courts of Cascade and Yellowstone Counties..

74 C.P.2d Rep., p. 1080.

In first column, line 14.......................from top.

for "........................................................"

read "..since 1976, the number of cases to 1956 had.."
"

Yours truly, .......John C. Sheehy.......

N. B.  The expense of altering plates is such that we cannot undertake it for items of merely typographical style.

But with the cooperation of the judges and the clerks, all material errors which may appear in the advance sheets should be detected, and thus entire accuracy be secured for the Reporter bound volumes.

Please examine each advance sheet as received and advise us immediately of any correction.  This will be mutually advantageous.      West Pub. Co.

---

## CORRECTION 87-223

N182b

.................................................1958

EDITORIAL DEPARTMENT,
  West Publishing Co., St. Paul, Minn.

Gentlemen: Please make the following correction in the opinion in the case of ..State ex rel. Burlington Railroad v..

v. ..Dist. Courts of Cascade and Yellowstone Counties..

74 C.P.2d Rep., p. 1080.

In first column, line 13.......................from top.

for "..appears that in Yellowstone County, then.."

read "..appears that in Yellowstone County.."

(Eliminate word "that")
"

Yours truly, .......John C. Sheehy.......

N. B.  The expense of altering plates is such that we cannot undertake it for items of merely typographical style.

But with the cooperation of the judges and the clerks, all material errors which may appear in the advance sheets should be detected, and thus entire accuracy be secured for the Reporter bound volumes.

Please examine each advance sheet as received and advise us immediately of any correction.  This will be mutually advantageous.      West Pub. Co.

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

In cause no. 87-223, Burlington Northern Railroad Company as relator petitions for a writ of supervisory control directed to the District Court, Eighth Judicial District, the Hon. Thomas M. McKittrick and the Hon. John M. McCarvel, presiding judges therein, ordering dismissal of two causes of action pending in that court.

In cause no. 87-234, Burlington Northern Railroad Company as relator has petitioned for a writ of supervisory control directed to the District Court of the Thirteenth Judicial District, and to the Hon. Diane G. Barz, the presiding judge therein, ordering dismissal of two causes of action pending in that court.

In each of the pending petitions in this Court, relator contends that the district judges in each of the causes should have dismissed the same on the basis of forum non conveniens. Because the issues involved are the same, with almost identical arguments being made in each case, we have ordered that the petitions be consolidated for purposes of our consideration and opinion.

The first issue raised by the respondents is that the applications filed by Burlington Northern Railroad are insufficient in law for the issuance of writs of supervisory control. In each of these proceedings the jurisdictional requisites for the issuance of writs of supervisory control are inextricably interwoven with the merits of the applications for such writs. Since we have determined in each cause that a writ of supervisory control should not issue, we do not rule directly on the jurisdictional question.

In cause no. 87-223, the application of Burlington Northern is supported by documents in two causes now pending in the District Court, Eighth Judicial District, Cascade County. One is the case of Shirley Elaine Houser v. Burlington Northern Railroad Company, in which the Hon. Thomas M. McKittrick is the presiding district judge. The other is Charles M. O'Brien v. Burlington Northern Railroad Company, in which the Hon. John M. McCarvel is the presiding district judge. In each of those causes, Burlington Northern has filed motions for dismissal on the basis of forum non conveniens, and in each of the said causes, the respective judges have denied such motions to dismiss.

In cause no. 87-234, it appears that there are pending in the District Court, Thirteenth Judicial District, Yellowstone County, before the Hon. Diane G. Barz, the presiding district judge, two causes of action. One is that of Andrew Samms v. Burlington Northern Railroad Company and the other is Gary D. Epple v. Burlington Northern Railroad Company. In each of those pending causes of action in the Yellowstone County District Court, Burlington Northern has filed motions to dismiss on the basis of forum non conveniens. In each cause, the Hon. Diane G. Barz, as presiding district judge has denied said motions.

In each of the foregoing pending District Court actions, it is alleged by relator, and not refuted, that the accidents giving rise to the claims against the railroad occurred in a state other than the State of Montana; that the plaintiffs are residents in a state other than Montana; that all factual witnesses are residents of states other than the State of Montana; that the plaintiffs are represented by counsel from a state other than the State of Montana; and, that the addition of these cases to the District Court's docket imposes an unnecessary burden on the judicial resources and

the taxpayers of the State of Montana, as well as an unnecessary impediment to litigants who do reside in Montana and whose counsel are also Montana residents.

In addition to the four cases pending in the District Court, above cited, the applications show that there is further pending in District Courts three additional causes of action: Averill v. BN, cause no. 85-200, Second Judicial District; Lang v. BN, cause no. 65477, Fourth Judicial District; and, Cheney v. BN, cause no. 86-319, Sixth Judicial District.

All of these pending actions in the district courts have been brought against Burlington Northern under the provisions of the Federal Employers Liability Act and the Federal Safety Appliance Act (45 U.S.C. § 1-60).

It is clear that the District Courts before us have jurisdiction of FELA cases under 45 U.S.C. § 56. The federal statute provides that an action may be brought in a district court of the United States, in the district of the residence of the defendant, the district in which the cause of action arose, or in which the defendant railroad shall be doing business at the time of commencing the action. Further, "the jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several states."

On four previous occasions, Burlington Northern, or its predecessor, Great Northern Railway Company, has importuned this Court for an application of the doctrine of forum non conveniens in FELA cases. Bevacqua v. Burlington Northern (1979), 183 Mont. 237, 598 P.2d 1124; LaBella v. Burlington Northern (1979), 182 Mont. 202, 595 P.2d 1184; State ex rel. Great Northern Ry. Co. v. District Court (1961), 139 Mont. 453, 365 P.2d 512; Bracy v. Great Northern Ry. Co. (1959), 136 Mont. 65, 343 P.2d 848.

- 4 -

In State ex rel. Great Northern Ry. Co. v. District Court, supra, it appeared that 18 FELA cases had been filed in the District Court in Silver Bow County in 11 years. This Court said there in denying a dismissal on the ground of forum non conveniens:

> . . . We do state, however, that if a substantial increase in this type of litigation is called to our attention in the future we will re-examine the situation in light of what we have herein stated.

139 Mont. at 457, 365 P.2d at 514.

In LaBella v. Burlington Northern, supra, we had a case where the District Court dismissed a FELA case upon the grounds of forum non conveniens. This Court reversed in LaBella, stating:

> We fully recognize that the state is not constrained by federal law to reject the doctrine of forum non conveniens in FELA actions. However, we find the policy favoring the injured railroad worker's choice of forum to be highly persuasive. This, in addition to the state's "open court policy" compels this Court to hold the doctrine of forum non conveniens inapplicable to FELA suits filed in Montana District Courts. We repeat the warning set forth in State ex rel. Great Northern Ry., supra, 139 Mont. at 457, 365 P.2d 514.. . . "if a substantial increase in this type of litigation is called to our attention in the future we will reexamine the situation in light of what we have herein stated."

182 Mont. at 207, 595 P.2d at 1187.

In the application now pending before us, Burlington Northern contends that the pendency of seven cases before the District Court of Montana represents a substantial increase in the number of FELA cases, and it is now time to apply the doctrine of forum non conveniens, so as to order dismissal of these actions in the circumstances described. In support of its application, Burlington Northern offered in the District Court of Cascade County and now here, affidavits showing that

for fiscal year 1986, the total expenditure for the District Court budget was $903,444.00 and from that determined that the daily costs of operating the District Court approximated $3,475.00 per day. It further showed that the direct costs of conducting a civil jury trial approximated $822.79 per day.

In Yellowstone County, in fiscal year 1986, the total expenditure for the District Court was $1,459,430.00. Its budget for 1987 is $1,576,776.00. The costs of operating the District Court is calculated there at approximately $6,064 per day. It further appears that in Yellowstone County, that since 1979, the number of cases to 1986 had increased to 4,231, an increase of nearly 20 percent. That number includes domestic actions, but excludes probate proceedings, juvenile and insanity actions. It is estimated that in Yellowstone County, the direct costs of a district court trial is about $3,000.00 per week.

Burlington Northern also filed statistics obtained from the Montana State Judicial Information System. From those statistics, it appears that in 1986, there were 16,397 civil filings statewide, of which 1,828 related to tort. The numbers increased from 1984, when there were 15,045 civil filings statewide, of which 1,640 represented tort actions.

The statistics provided by Burlington Northern in its applications fail to meet the "substantial increase" in FELA cases so as to show an intolerable burden on this state in maintaining its "open door" policy and meeting the obvious intention of the federal statute that the plaintiff could make a choice of forum in which to try his FELA claim. Burlington Northern concedes that most FELA cases are settled before they ever go to trial. The pendency of two FELA cases in the District Court of Cascade County, two in Yellowstone County, and one each in Missoula County, Silverbow County,

and Park County are insufficient in number to cause this Court to move from its settled decision in the earlier cases to maintain the "open door" policy and to follow the provision of our Montana Constitution that "courts of justice shall be open to every person and speedy remedy afforded for every injury of person, property or character." Art. II, § 16, 1972 Mont. Const. LaBella, 182 Mont. at 207, 595 P.2d at 1187.

The budgetary figures presented for Yellowstone and Cascade Counties represent the total operation of the whole District Court, and all the cases, civil and criminal, that come before those courts. There are three district judges serving the Eighth Judicial District, including Cascade County, and five district judges serving the Thirteenth Judicial District, including Yellowstone County. Although the district judge in Yellowstone County indicated that a trial may not be available in that county for two years, it does not appear that the removal of two cases from its docket will substantially lessen the burden on that District Court, nor would the elimination of seven cases statewide have a like effect on all state courts. Seven pending FELA cases, where there are over 16,000 civil cases filed statewide per year is not a significant number of cases as to require the exercise of our power of supervisory control.

Counsel for Burlington Northern submit that the filing of FELA cases in Montana courts by out-of-state residents and out-of-state counsel may represent a form of forum shopping. However that may be, a choice of forum is given by federal statute in FELA cases. The United States Court, in what may be its first case acknowledging the doctrine of forum non conveniens, Gulf Oil Corp. v. Gilbert (1947), 330 U.S. 501, 510, 67 S.Ct. 839, 844, 91 L.Ed. 1055, 1063, noted the argument of the plaintiff in that case that he was more

likely to get a large verdict in a New York Court than in a Virginia Court saying:

> . . . It is a strange argument on behalf of a Virginia plaintiff that the community which gave him patronage to make his business valuable is not capable of furnishing jurors who know the value of the goods they store, the building they are stored in, or the business their patronage creates . . . The net of this is that we cannot say the District Court was bound to entertain a provincial fear of the provincialism of a Virginia jury . . .

In the light of the statements of this Court and LaBella, supra, and earlier cases, and the paucity of evidence submitted by the applicant that pending FELA cases are a burden on the Montana courts or the taxpayers of this state, the applications in each cause for a writ of supervisory control are denied.

The petitions are DISMISSED.

_____
John C. Sheehy
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices