No. 88-438
88-470

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

No. 88-438

DAVID HAUG,

        Plaintiff and Respondent,

   -vs-

BURLINGTON NORTHERN RAILROAD COMPANY,
        Defendant and Appellant.

No. 88-470

HERBERT LAY,

        Plaintiff and Respondent,

   -vs-

BURLINGTON NORTHERN RAILROAD COMPANY,
        Defendant and Appellant.

APPEALS FROM: District Court of the Eighth Judicial District,
                In and for the County of Cascade,
                The Honorable Thomas McKittrick (88-438) and Honorable
                John M. McCarvel (88-470), Judges presiding.

COUNSEL OF RECORD:
    For Appellant:
        J. Michael Young; Jardine, Stephenson, Blewett & Blewett,
        Great Falls, Montana  (88-438)
        Herbert L. Pierce, III, Crowley, Haughey, Hanson, Toole
        and Dietrich, Billings, Montana (88-470)

    For Respondent:
        Alexander Blewett, III; Hoyt & Blewett, Great Falls,
        Montana  (88-438 and 88-470)
        Kurt M. Jackson, Hoyt & Blewett, (88-438 & 88-470)
    For Amicus Curiae:
        John W. Larson, Missoula, Montana (88-438 & 88-470)

Submitted on Briefs:  Dec. 9, 1988

Decided:  March 7, 1989

Filed:

_____
            Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The two cases of Haug v. Burlington Northern and Lay v. Burlington Northern have been consolidated for our consideration since the identical issues are raised in each case. In both cases, Burlington Northern appeals the decision of the District Court for the Eighth Judicial District, Cascade County, denying its motion for a change of venue. We affirm the District Court's denial of that motion.

We rephrase the issues presented as follows:

1. What is the proper county in which to bring a tort action against a nonresident defendant, and does that rule apply in FELA actions?

2. Is the court empowered to change the place of trial of FELA actions based on the doctrine of forum non conveniens or the Montana venue statues?

The plaintiffs brought separate actions against Burlington Northern (BN) to recover damages under the Federal Employers Liability Act (FELA), 45 U.S.C. § 51 et seq. (1982). Mr. Haug's suit is based on an injury which occurred in the BN shop in Park County, Montana. Mr. Lay's suit is based on an injury which occurred in the course of his employment with BN in Lewis and Clark County, Montana.

Both defendants brought claims in state court in Cascade County, which has no connection to either suit. BN filed motions for a change of venue, contending that in each case, the proper county was the county in which the tort occurred. Since the plaintiffs did not choose those counties, BN argued that it was entitled to a change of venue in both cases. The District Court denied BN's motions and BN appeals.

Some changes were enacted in our venue statutes by the 1985 Session Laws. In those enactments, the legislative history indicates that the legislature was not attempting to

change the past venue practices in Montana. The significant sections for the issues in the present cases are set forth as follows:

25-2-111. Scope of part. The proper place of trial (venue) of a civil action is in the county or counties designated in this part.

25-2-112. Designation of proper place of trial not jurisdictional. The designation of a county in this part as a proper place of trial is not jurisdictional and does not prohibit the trial of any cause in any court of this state having jurisdiction.

25-2-113. Power of court to change place of trial. The designation in this part of a proper place of trial does not affect the power of a court to change the place of a trial for the reasons stated in 25-2-201(2) or (3), or pursuant to an agreement of the parties as provided in 25-2-202.

25-2-114. Right of defendant to move for change of place of trial. If an action is brought in a county not designated as the proper place of trial, a defendant may move for a change of place of trial to a designated county.

25-2-115. Multiple proper counties. If this part designates more than one county as a proper place of trial for any action, an action brought in any such county is brought in a proper county and no motion may be granted to change the place of trial upon the ground that the action is not brought in a proper county under 25-2-201(1). If an action is brought in a county not designated as a proper place of trial, a defendant may move for a change of place of trial to any of the designated counties.

25-2-118. Residence of defendant. Unless otherwise specified in this part:
(1) except as provided in subsection (3), the proper place of trial for all civil actions is the county in which the defendants or any of them may reside at the commencement of the action;

3

(2) if none of the defendants reside in the state, the proper place of trial is any county the plaintiff designates in the complaint;

. . .

25-2-122. Torts. The proper place of trial for a tort action is:
(1) the county in which the defendants, or any of them, reside at the commencement of the action; or
(2) the county where the tort was committed.

. . .

25-2-201. When change of venue required. The court or judge must, on motion, change the place of trial in the following cases:
(1) when the county designated in the complaint is not the proper county;
(2) when there is reason to believe that an impartial trial cannot be had therein;
(3) when the convenience of witnesses and the ends of justice would be promoted by the change.

We do point out that §§ 25-2-111 - 115, MCA, all were enacted as a part of the 1985 statutes.

I

What is the proper county in which to bring a tort action against a nonresident defendant, and does that rule apply in FELA actions?

From the case history in Montana, we conclude that a plaintiff is entitled to bring a tort action against a non-resident defendant in either the county where the tort occurred or in any county of this State. This Court has consistently held that a foreign corporation has no county of residence for venue purposes and can be sued in any county selected by the plaintiff. Hanlon v. Great Northern Railway Co. (1928), 83 Mont. 15, 268 P. 547; Truck Insurance Exchange v. N.F.U. Property and Casualty Co. (1967), 149 Mont. 387, 427 P.2d 50; Foley v. General Motors Corp. (1972), 159 Mont. 469, 499 P.2d 774. The holdings of these cases are

4

consistent with the provisions of § 25-2-118(2), MCA, which in substance states that any county designated by the plaintiff is the proper place of trial if no defendants reside in Montana.

If a plaintiff does not designate a proper county in the complaint, § 25-2-201, MCA, requires that the court must, on motion, change the place of trial. Since, under § 25-2-118(2), MCA, any county which the plaintiff selects is a proper county for venue purposes, a nonresident defendant is not entitled to a change of venue for the reason that the plaintiff has chosen an improper county. Morgen and Oswood v. U.S.F. & G. (1975), 167 Mont. 64, 535 P.2d 170. In Morgen, this Court reached that conclusion even where alternative venues were authorized by statute, as in contract or tort actions. Thus, even though a tort cause of action may be brought in the county where the tort occurred, the "any county" option of § 25-2-118(2), MCA, remains a proper county for venue purposes where none of the defendants reside in Montana. See Tassie v. Continental Oil Co. (D.Mont. 1964), 228 F.Supp. 807. Our statutory provisions are consistent with the holdings in the above cases.

Section 25-2-115, MCA, provides that where two or more counties are designated as proper counties, the defendant is not entitled to a change of venue if the plaintiff chose one of those counties. As previously mentioned, § 25-2-118(2), MCA, allows the plaintiff to choose any county if none of the defendants reside in Montana. Section 25-2-122, MCA, provides that the proper place of trial for a tort action is the county where the tort was committed. As a result, under these code sections, in a tort action against a nonresident defendant, the plaintiff may choose either the county where the tort was committed or any county in the State of Montana,

5

and the defendant is not entitled to a change of venue under § 25-2-115, MCA.

BN's only argument against this statutory interpretation centers on our holding in the case of McAlear v. Kasak (Mont. 1987), 731 P.2d 908, 44 St.Rep. 81, which interpreted the venue statutes following their amendment in 1985. BN argues that the language preceding § 25-2-118, MCA, limits its applicability so that the plaintiffs in these cases are not entitled to choose the "any county" option of § 25-2-118(2), MCA. The language at the beginning of § 25-2-118, MCA, does state, "Unless otherwise specified in this part." In McAlear, this Court held that because venue is otherwise specified in the tort exception of § 25-2-122, MCA, the only proper county is the situs of the tort. 731 P.2d at 910.

We recognize that the holding in McAlear appears to be a logical conclusion based alone on the wording in §§ 25-2-118 and 112, MCA. However, that holding is not consistent with the previously cited decisions in Montana. As a result, as set forth in the following discussion, we conclude that it is necessary to overrule McAlear.

We recognize that the venue statutes were amended in 1985 and that the language, "Unless otherwise specified in this part" was added to replace the phrase "in all other cases." However, case law has never interpreted either phrase to be limiting or determinative of whether a plaintiff has an option in choosing a proper county. A review of the case law set forth earlier in this opinion reveals a liberal interpretation of our statutes regarding a plaintiff's choice of forum between the general rule of venue (now set forth in § 25-2-118, MCA) and the exceptions to that general rule. Furthermore, it is clear from the following stated objectives presented to the legislature by the Supreme Court Commission

6

that the intent was to codify the previous venue decisions of this Court:

> The new statutes proposed in this draft have three objectives:
>
> (1)  to include in the Montana Code Annotated those rules which have been declared and are settled by the Montana Supreme Court but are not now stated in the Code;
>
> (2)  to change the language, without changing the meaning, of the sections that have caused the most litigation (primarily by substituting the designation "proper place of trial" for the ambiguous command that cases "shall," "may," or "must," be tried in particular counties);
>
> (3)  to settle the few matters where there is still a seeming ambiguity, following the general principles along the lines that the Court seems to feel would be best derived from what the Court has held in other situations.

"Recommendations for Revisions in Venue Statutes Prepared by the Montana Supreme Court Commission on the Rules of Evidence;" Exhibit 1 to Senate Judiciary Committee Minutes of January 22, 1985.

In view of the clear intent not to change the previous venue decisions of this Court, we conclude that the words "unless otherwise specified in this part" in § 25-2-118, MCA, are not limiting words so far as paragraph (2) of that section is concerned. Therefore, if none of the defendants reside in Montana, a plaintiff may choose any county in the state as the place of trial of a tort action, notwithstanding the alternate choice of venue under § 25-2-122, MCA. This conclusion is required under the prior decisions of this Court. We hold that McAlear is overruled.

Whether this conclusion should apply in FELA cases has not been specifically addressed by this Court. The federal

statute authorizes an injured plaintiff to file suit in either federal or state court. Actions filed in federal court have three possible places which are proper for venue purposes: (1) the county where the defendant resides; (2) the county where the cause of action arose; or (3) the county where the defendant does business. 45 U.S.C. § 56.

In FELA actions brought in state court, the United States Supreme Court has indicated that venue is properly left to the practice of the forum. Miles v. Illinois Central Railroad (1942), 315 U.S. 698, 703, 62 S.Ct. 827, 830, 86 L.Ed 1129, 1134. While it can be said that our state venue statutes dictate the "practice" of our forum, we are also concerned with certain policies set forth in previous FELA cases in determining our forum practice. Specifically, this Court has stated that the FELA is to be given a liberal construction in favor of injured railroad employees so that it may accomplish humanitarian and remedial purposes, following the policy set forth by the United States Supreme Court in Urie v. Thompson (1949), 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282. See State ex rel. Burlington Northern Railroad Co. v. District Court (Mont. 1987), 746 P.2d 1077, 44 St.Rep. 2003; Bevacqua v. Burlington Northern, Inc. (1979), 183 Mont. 237, 598 P.2d 1124; and LaBella v. Burlington Northern, Inc. (1979), 182 Mont. 202, 595 P.2d 1184.

The open door policy expressed in those cases is followed in this opinion. We hold that the plaintiffs in this case were entitled to bring their FELA actions in either the county where the injury occurred, or in any county in this State. Since they have correctly done so, the defendant BN is not entitled to a change of venue under § 25-2-201(1), MCA.

8

## II

Is the court empowered to change the place of trial of FELA actions in light of the doctrine of forum non conveniens and the Montana venue statutes?

The common law doctrine of forum non conveniens allows a court to "resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." Gulf Oil Corp. v. Gilbert (1947), 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055, 1062. Under the doctrine, a court may decline to exercise its jurisdiction when it believes that the action may be more appropriately and justly tried elsewhere.

This doctrine is codified in Montana at § 25-2-201, MCA, which states in relevant part:

> The court or judge must, on motion, change the place of trial in the following cases:
> . . .
> (2) when there is reason to believe that an impartial trial cannot be had therein;
> (3) when the convenience of witnesses and the ends of justice would be promoted by the change.

In the context of FELA cases, this Court has discussed the applicability of the common law doctrine of forum non conveniens without reference to our statutory venue scheme or the codification of that doctrine. These cases are the same as those set forth above in reflecting the "open court policy" and "liberal construction" of the FELA. State ex rel. BN v. District Court, supra; Bevacqua v. BN, supra; LaBella v. BN, supra; see also State ex rel. Great Northern Railway Co. v. District Court (1961), 139 Mont. 453, 365 P.2d 512; Bracy v. Great Northern Railway Co. (1959), 136 Mont. 65, 343 P.2d 848. Recognizing the open court policy stated in our Montana Constitution and the FELA policy favoring the injured railway worker's choice of forum, this Court has held the doctrine of

9

forum non conveniens inapplicable to FELA actions brought in Montana's district courts.

We would point out that Montana's position in this regard is not taken in the federal courts following the enactment of 28 U.S.C. § 1404(a) in 1948. That statute provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

This statute was held to apply to FELA actions brought in Federal District Court in ex parte Collett (1949), 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207. Collett was also followed by the United States Supreme Court in deciding whether a state court has the power to dismiss a FELA action on the ground of forum non conveniens. Southern Ry. Co. v. Mayfield (1950), 340 U.S. 1, 71 S.Ct. 1, 95 L.Ed. 3. In that case, the Court said that a state was not compelled to entertain FELA cases brought in its courts but could, "According to its own notions of procedural policy . . . reject, as it may accept, the doctrine for all causes of action begun in its courts." 340 U.S. at 3.

Montana first rejected the applicability of the doctrine in LaBella, stating that:

> We fully recognize that the state is not constrained by federal law to reject the doctrine of forum non conveniens in FELA actions. However, we find the policy favoring the injured railroad worker's choice of forum to be highly persuasive. This, in addition to the state's "open court policy" compels this Court to hold the doctrine of forum non conveniens inapplicable to FELA suits filed in Montana District Courts. We repeat the warning set forth in State ex rel. Great Northern Ry., supra 139 Mont. at 457, 365 P.2d 514. "[I]f a substantial increase in this type of litigation is

10

called to our attention in the future we will reexamine the situation in light of what we have herein stated."

Our decision is a narrow one. We have not been confronted by the application of forum non conveniens in non-FELA cases and our holding today does not purport to deny or recognize the existence of the doctrine in cases where there is no strong policy favoring plaintiff's selection of forum.

595 P.2d at 1187.

The holding in LaBella has been followed in subsequent cases. In addition, in no FELA action has there been sufficient proof of a substantial increase in this type of litigation sufficient in quantity to require any limitation on the plaintiff's choice of forum. The foregoing case analysis under the doctrine of forum non conveniens applies equally to the provisions allowing a court to change the place of trial in § 25-2-201, MCA. We therefore hold that in FELA cases neither the doctrine of forum non conveniens, nor the right to change of place of trial contained in § 25-2-201, MCA, is available.

We affirm the denial of BN's motion for a change of venue.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

R. C. Gulbrandson,

William E. Hurth

Justices