# ROBERT SPOONHEIM,
## Plaintiff and Respondent,
### v.
# NORWEST BANK MONTANA, N.A.,
## Defendant and Appellant.

No. 96-211.
Submitted on Briefs July 11, 1996.
Decided August 19, 1996.
53 St.Rep. 764.
277 Mont. 417.
922 P.2d 528.

418

For Appellant: **Philip P. McGimpsey**, Philip P. McGimpsey, Inc., Billings.

For Respondent: **Norman L. Newhall**, Linnell, Newhall & Martin, Great Falls.

JUSTICE ERDMANN delivered the Opinion of the Court.

Norwest appeals the order denying defendant's motion for change of venue as issued by the Eighth Judicial District Court, Cascade County.

The issues on appeal are as follows:

1. Was the District Court correct in denying Norwest's motion for change of venue?

2. Should plaintiff Robert Spoonheim be awarded damages for defending an appeal without merit?

## FACTS

In November 1985, Robert Spoonheim petitioned for relief under Chapter 11 of the United States Bankruptcy Code. In 1987, Norwest Bank-Billings, N.A. (Norwest), a federally chartered national banking association, was designated by the Chapter 11 plan to maintain a "budget account" for Spoonheim and to pay certain expenses and costs related to his holdings. The Billings bank was the location of the "budget account," and all of the personnel who dealt with the account and all of the bank records regarding the account are maintained there. Disputes between Norwest and Spoonheim over the appropriateness of certain costs and expenditures arose in the following years and culminated in Spoonheim filing a tort action against Norwest. Spoonheim, a resident of Phillips County, filed his claim in Cascade County.

On October 12, 1995, Norwest filed a motion for change of venue from Cascade County to Yellowstone County. The District Court denied the motion for change of venue which Norwest appeals. Spoonheim also filed a motion pursuant to Rule 32, M.R.App.P., for costs and expenses arising from the defense of an appeal without merit.

## ISSUE 1

Was the District Court correct in denying Norwest's motion for change of venue?

■ We review a district court's conclusions of law to determine whether the court's interpretation of law is correct. *Carbon County v. Union Reserve Coal Co.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686. *See also Steer, Inc. v. Dep't of Revenue* (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603-04.

■ Norwest argues that the Legislature's 1995 revision of § 25-2-122, MCA, mandates the venue of this matter in Yellowstone County. Section 25-2-122(2), MCA (1995), provides:

(2) If the defendant is a *corporation incorporated in a state other than Montana*, the proper place of trial for a tort action is:

(a) the county in which the tort was committed;

(b) the county in which the plaintiff resides; or

(c) the county in which the corporation's resident agent is located, as required by law, or in the first judicial district.

(Emphasis added.) Norwest asserts that it is within the legislative intent of this statute that a federally chartered banking association is a corporation incorporated in a state other than Montana and therefore venue is proper in Yellowstone County, as the location of Norwest Bank-Billings.

■ In construing a statute, "the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA. The rules of statutory construction require the language to be construed according to its plain meaning. *Clarke v. Massey* (1995), 271 Mont. 412, 416, 897 P.2d 1085, 1088. If the intent of the Legislature can be determined from the plain meaning of the words used, the court may not go further and apply other means of construction. *Wunderlich v. Lumbermens Mut. Cas. Co.* (1995), 270 Mont. 404, 410, 892 P.2d 563, 567.

■ Section 25-2-122(2), MCA, specifies venue for a corporation incorporated in a state other than Montana. The language, "a corporation incorporated in a state other than Montana," is not ambiguous. The language clearly does not reference nor include a federally chartered banking association. Had the Legislature intended the 1995 amendment to include federally chartered banking associations they could have easily so stated. When the language of a statute is

plain, unambiguous, direct, and certain, the statute speaks for itself and there is nothing left for the court to construe. *State v. Mummey* (1994), 264 Mont. 272, 277, 871 P.2d 868, 871. Norwest is a not a corporation incorporated in a state other than Montana, thus § 25-2-122(2), MCA, does not apply to determine venue for this matter.

Norwest is the sole defendant in this case. As a foreign association, Norwest has no Montana residence for the purposes of venue. *See Platt v. Sears, Roebuck & Co.* (1986), 222 Mont. 184, 186, 721 P.2d 336, 337. Section 25-2-118(2), MCA, provides that if none of the defendants reside in the state, the proper place of trial is any county the plaintiff designates in the complaint. Spoonheim designated Cascade County in his complaint as the place of trial. Venue is therefore proper in Cascade County.

Aside from Norwest's argument that § 25-2-122(2), MCA, controls venue in this case, § 25-2-122(1), MCA, provides that if subsection (2) does not apply, the proper place for trial of a tort action is the county in which the tort was committed. In this case, Norwest has argued that if a tort occurred, it occurred in Yellowstone County. Therefore, under § 25-2-122(1)(b), MCA, Yellowstone County would also be a proper venue for this action.

Section 25-2-115, MCA, addresses the situation where venue may be proper in multiple counties. In those situations a defendant is not entitled to a change of venue if the plaintiff has filed in a proper county. In *Haug v. Burlington Northern Railroad Co.* (1989), 236 Mont. 368, 770 P.2d 517, this Court analyzed the competing venue provisions of § 25-2-122, MCA, and § 25-2-118, MCA. While this Court noted that the introductory language in § 25-2-118, MCA, contained the phrase "[u]nless otherwise specified in this part," the Court specifically held that those were not limiting words so far as paragraph (2) of that section was concerned. The Court held that "if none of the defendants reside in Montana, a plaintiff may choose any county in the state as the place of trial of a tort action, notwithstanding the alternate choice of venue under § 25-2-122, MCA." *Haug*, 770 P.2d at 520. Norwest has not asked that we reconsider our holding in *Haug*.

Therefore, since §§ 25-2-118(2) and -122(1), MCA, designate different counties for venue, and since Spoonheim properly filed in Cascade County under § 25-2-118(2), MCA, the District Court correctly interpreted the law when it denied Norwest's motion for change of venue. *Haug*, 236 Mont. 368, 770 P.2d 517.

## ISSUE 2

■ Should Spoonheim be awarded damages for defending an appeal without merit?

Spoonheim has filed a motion for damages for an appeal without merit pursuant to Rule 32 of the Rules of Appellate Procedure. That rule allows this Court to assess damages if we are satisfied from the record and the presentation of the appeal that the appeal is without substantial or reasonable grounds.

Norwest's appeal was based primarily on their contention that a federally chartered banking association is a "corporation incorporated in a state other than Montana" for purposes of § 25-2-122(2), MCA. Norwest provided no authority for this contention other than the unsupported and general assertion that the Legislature intended that result. Norwest is clearly not a corporation nor is it incorporated in a state other than Montana.

Even though § 25-2-122(1), MCA, provides that venue is proper in the county in which the tort allegedly occurred, which in this case is Yellowstone County, venue is also proper in Cascade County under § 25-2-118(2), MCA. Under these circumstances, § 25-2-115, MCA, clearly does not allow a change of venue if the action is filed in a proper county. We therefore conclude that the appeal was without substantial or reasonable grounds and damages are appropriate.

Affirmed and remanded to the District Court for a determination of attorney fees and costs attributable to the appeal to be awarded to Spoonheim.

JUSTICES NELSON, TRIEWEILER, GRAY and LEAPHART concur.