No. 05-417

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 44N

THE DOCTORS' COMPANY,

      Petitioner and Respondent,

   v.

HOWARD LEE FINNEY, M.D.,

      Respondent and Appellant.

APPEAL FROM:    The District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 2005-301,
Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Curtis G. Thompson, Thompson, Potts & Donovan, P.C., Great Falls,
Montana

      For Respondent:

            Shelton C. Williams and Mark S. Williams, Williams Law Firm,
Missoula, Montana

                      Submitted on Briefs:  February 14, 2006

                                Decided:  March 1, 2006

Filed:

                  _____
                            Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.   It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of nonciteable cases issued by this Court.

¶2      Appellant Howard Lee Finney appeals from the order of the Fourth Judicial District Court denying his motion for change of venue.  We affirm.

¶3      This action arises out of a medical liability insurance policy purchased by Dr. Howard Lee Finney (Finney) from Respondent The Doctors' Company (TDC) in November of 2003.  The policy, among other things, included an arbitration provision which stated:

> Unless otherwise agreed, the arbitration will take place in the county where the *Named Insured's* primary practice was located as of the Effective Date of this Policy.

(Emphasis in original.)  At the time of the policy's purchase, Finney practiced medicine primarily in Cascade County.

¶4      On March 23, 2005, TDC filed a declaratory action in the Fourth Judicial District Court, Missoula County, seeking a declaration of its rights and liabilities under the insurance policy.  Because Finney was then retired and residing in Missoula County, the complaint asserted venue was proper there pursuant to § 25-2-121(1)(a), MCA (2003),

2

which provides that the county in which a defendant resides is a proper place for trial in actions upon contracts. Finney filed a motion for change of venue. The District Court denied that motion, and Finney appeals.

¶5 Finney argues that the insurance policy's arbitration provision was in fact a contractual stipulation to venue, and therefore, asserts that venue is only proper in Cascade County, the county where Finney practiced medicine under the policy.

¶6 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶7 The arbitration provision at issue here specifically addresses arbitration and says nothing of venue for civil suits generally. The parties are not engaged in arbitration here, and, in fact, Finney has rejected arbitration. When a plaintiff files suit in a proper venue, a court may not grant a defendant's motion to change venue. Section 25-2-115, MCA (2003); *see also Spoonheim v. Norwest Bank* (1996), 277 Mont. 417, 421, 922 P.2d 528, 530.

¶8 We affirm.

/S/ JIM RICE

3

We concur:


/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS