JUSTICE WARNER
concurs.
¶19 I concur with the Court’s Opinion as it correctly states the applicable law. However, this case is a lucent example of why, as a matter of basic fairness to the parties and to the citizens of Montana, this Court should revisit its decision of State ex rel. Burlington N. R.R. Co. v. Eighth Jud. Dist. Ct., 270 Mont. 146, 154-56, 891 P.2d 493, 498-500 (1995), and like cases, where this Court has flatly rejected the doctrine of forum non conveniens in FELA cases.
¶20 The common law doctrine of forum non conveniens allows a court to refuse to entertain an action even when jurisdiction is authorized by the letter of the law. It is applied when the ends of justice and the convenience of witnesses would be promoted by trial in another jurisdiction. Haug v. Burlington N. R.R. Co., 236 Mont. 368, 375, 770 P.2d 517, 521 (1989). The courts of Montana may utilize this doctrine in a non-discriminatory fashion in FELA cases. 45 U.S.C. § 56; Mo. ex rel. S. Ry. Co. v. Mayfield, 340 U.S. 1, 3, 71 S. Ct. 1, 2 (1950). I am of the opinion that Montana courts should be open to all those who have a claim that is legitimately made here. However just as Congress has provided, each claim should be examined and the doctrine forum non conveniens should be available in Montana, just as it is in Illinois, to fairly examine this FELA case and decide whether it may be more appropriately and justly tried elsewhere.